IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3218-D

| | | |
|---|---|---|
| MARQUEION JAMAL HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 13, 2010, Marqueion Jamal Harrison ("Harrison" or "plaintiff"), appearing pro se, filed this complaint against the State of North Carolina, the Director of the North Carolina Department of Corrections, the Superintendent of Bertie Correctional Institution ("BCI"), and a BCI correctional officer (collectively, "defendants") under 42 U.S.C. § 1983 [D.E. 1]. Harrison alleges various constitutional violations in the conditions of his confinement. Id. On December 22, 2010, Magistrate Judge Webb found that Harrison's complaint did not substantially follow the form prescribed by Local Civil Rule 81.1, that Harrison had failed to submit the filing fee of $350.00 or an application to proceed in forma pauperis, and that Harrison had not provided sufficient addresses for defendants to permit service of process [D.E. 3]. Judge Webb directed Harrison to correct the deficiencies within thirty days, and warned Harrison that "[f]ailure to do so may result in the dismissal of this action." Id. On March 29, 2011, the court found that Harrison failed to comply with Judge Webb's December 22, 2010 order, directed the clerk to send a second copy of the order to Harrison, along with the prescribed form for a section 1983 complaint and an application to proceed in forma pauperis, and directed Harrison to comply with the December 22, 2010 order in its entirety by April 18, 2011, or face dismissal of the action [D.E. 4]. Harrison did not comply with

that order, and on August 15, 2011, the court dismissed the action without prejudice [D.E. 5]. On August 19, 2011, Harrison filed a document which the court construes as a motion for reconsideration [D.E. 7].

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005) (quotation omitted); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Alternatively, Harrison may seek relief under Federal Rule of Civil Procedure 60(b), which authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that his motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice from the judgment being set aside. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If a movant satisfies these

2

threshold conditions, he must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266.

Harrison seeks reconsideration on the ground that he has "written numerous request[s] to the courts asking assistance or any other form of help with some other form of payment procedures, because of my difficulty paying these payments and the way the form of payments affects my trust fund account and . . . never received a response." Mot. Reconsider 1. Harrison has also "written numerous request[s] to Bertie Correctional Institution asking the address of the defendants and still never received a response." Id.

Harrison does offer the court the general mailing address for BCI. Id. What Harrison does not offer the court, however, is a completed application to proceed in forma pauperis, or a complaint that substantially follows the form prescribed by Local Civil Rule 81.1, despite the fact that the court has twice sent Harrison the proper forms. Accordingly, Harrison's motion to reconsider [D.E. 7] is denied. Fed. R. Civ. P. 59(e), 60(b).

SO ORDERED. This 31 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge